# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VEJAR'S, INC. dba Vejar's Mexican Restaurant & Cocktail Lounge, et al.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01467-ADA-SKO<br><br>**ORDER VACATING HEARING AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. 28) |

## I.　　INTRODUCTION

Jose Trujillo ("Plaintiff") filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") and state law.  (Doc. 1.)  Currently before the Court is Plaintiff's motion for leave to file a first amended complaint.  (Doc. 28.)  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  *See* E.D. Cal. Local Rule 230(g).  Accordingly, the previously scheduled hearing set on January 25, 2023, will be vacated.

## II.　　PROCEDURAL HISTORY

Plaintiff filed the complaint in this action against Vejar's, Inc., doing business as Vejar's Mexican Restaurant & Cocktail Lounge, and Marketable Urban Investments, LLC (collectively "Defendants") on September 30, 2021.  (Doc. 1.)  The complaint asserts a claim for injunctive relief arising out of an alleged violation of the ADA and a claim for damages pursuant to

California's Unruh Act. (*Id*.) Defendants filed an answer to the complaint on January 24, 2022. (Doc. 12.)

The Mandatory Scheduling Conference, originally set for January 20, 2022, was continued on two occasions "to allow the parties an opportunity to engage in settlement discussions." (*See* Docs. 17 & 22.) On November 30, 2022, following the Mandatory Scheduling Conference, a Scheduling Order issued in the action. (Doc. 27.)

On December 21, 2022, Plaintiff filed a motion for leave to file a first amended complaint. (Doc. 28.) On January 4, 2023, Defendants filed an opposition to the motion. (Doc. 29.) On January 13, 2023, Plaintiff filed a reply. (Doc. 30.)

### III.     LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend after an answer has been filed, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *accord Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir. 2002); *Washington State Republican Party v. Washington State Grange*, 676 F.3d 784, 797 (9th Cir. 2012). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

## IV.     DISCUSSION

Plaintiff moves to amend the complaint to allege additional barriers to his access to the facility. (*See* Doc. 28-1 at 2; Doc. 28-4 at ¶ 11.) Defendants have filed an opposition to the motion on the ground that Plaintiff was "dilatory in seeking leave to amend" and that the amendment would be futile and prejudicial because "it contains only conclusory allegations without tying any specific barrier to [Plaintiff's] particular disability as required." (Doc. 29 at 3, 6.) Plaintiff replies that defense counsel "previously implied" that Plaintiff should not proceed with amending his complaint while the parties were discussing settlement, and that the proposed amended complaint "provides specific detail as to why each of the newly alleged barriers relate to Plaintiff's disability." (Doc. 30 at 2, 3.)

### A.     Bad Faith and Undue Delay

Here, there is no evidence that Plaintiff has sought amendment of the complaint in bad faith or with undue delay. The Scheduling Order provided that any motion to amend the complaint must be filed no later than December 21, 2022. (Doc. 27 at 2.) Since the motion was filed before the expiration of the deadline to amend, Rule 15(a) governs and leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has stressed that Rule 15 favors amendments, and that this policy is to be applied with extreme liberality. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Plaintiff filed a timely motion for leave to amend to allege the additional barriers identified after a site inspection. The inspection of the property occurred on April 12, 2022, and the report was received by Plaintiff on June 26, 2022. (*See* Doc. 28-3, Declaration of Tanya E. Moore ("Moore Decl.") ¶ 2.) Defendants do not dispute this timeline but contend "extended delay" exists because they were not asked to stipulate to the amendment until November 19, 2022.[1] (*See* Doc. 29 at 3, 4.) The docket reflects, however, that the parties were actively engaged in settlement

---

[1] Defendants do, however, object to the admissibility of paragraph 2 of the Moore Declaration on grounds that it is hearsay, lacks personal knowledge, and is irrelevant. (*See* Doc. 29-1.) However, for the purposes of deciding whether the amended complaint is futile, see below, the Court takes as true the allegations therein and does not consider matters outside of that pleading. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1088 (S.D. Cal. 2002).

3

discussions during this period. (*See* Docs. 17 & 22.) Indeed, in August 2022 when Plaintiff wished to proceed with discovery to amend his complaint in view of "upcoming deadlines," defense counsel responded, "What deadlines? The court continued the scheduling conference several months, mainly on the grounds that Plaintiff would be making a good faith settlement demand. Your arbitrary demands are not conducive to that. I've been consumed in another matter and has [sic] some time out of office. I plan to get you a reply in the next two weeks given the upcoming holiday weekend." (Doc. 30-1, Supplemental Declaration of Tanya E. Moore, ¶ 2 and Ex. A.) Waiting to seek amendment until after settlement efforts proved unsuccessful is not unreasonable, in the Court's view. *See, e.g., Garrett v. Hine*, No. 1:21-cv-00845-DAD-BAK, 2022 WL 2067903, at *6 (E.D. Cal. June 8, 2022) (lack of undue delay "bolstered" by the fact that motion to amend was filed after "several months of settlement discussions and engagement in mediation by the parties."). Accordingly, the Court has no basis upon which for it to find Plaintiff unduly delayed seeking amendment, or that he engaged in bad faith in doing so.[2]

**B.     Futility**

The Ninth Circuit has held that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Moeller v. Taco Bell Corp.*, 966 F.Supp.2d 899, 904 (N.D. Cal. 2013) (quoting *Oliver v. Ralphs Grocery Co.*, 654 F.3d 909 (9th Cir. 2011)). A complaint provides fair notice to the defendant where each non-compliant architectural feature is alleged in the complaint. *Oliver*, 654 F.3d at 908.

Further, a plaintiff need not have encountered every barrier that bars his access to seek an injunction to remove the barriers. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). "[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability. . . ." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Accordingly,

---

[2] Defendants concede that permitting the amendment would not result in undue delay in the litigation, as the case is in its early stages. (*See* Doc. 29 at 3 ("[I]t does not appear amendment would produce an undue delay in the litigation (i.e., discovery will remain open for several months).").)

Plaintiff may amend his complaint to allege all identified barriers that relate to his disability to seek injunctive relief as to those barriers.

Defendants contend that the proposed amended complaint is futile because Plaintiff "has not proffered any detail to establish that the (alleged) barriers relate to his specific disability." (Doc. 29 at 5.)  In the Ninth Circuit, a plaintiff bringing an ADA claim must allege what barriers were encountered and "how [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that [he or she] personally suffered discrimination under the ADA on account of [his or her] disability)." *Chapman,* 631 F.3d at 954.  A mere list of alleged violations "cannot substitute for the factual allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact" when there is no "attempt to relate the alleged violations to [the] disability" at issue. *Id*. at 955.

Here, Plaintiff alleges in the proposed amended complaint that he is "substantially limited in his ability to walk and uses a wheelchair or cane for mobility." (Doc. 28-4 ¶ 8.)  He further alleges that his "hearing is substantially limited." (*Id*.)  Had that been all, Defendants might have had the better part of the futility argument.  But Plaintiff goes further, alleging how each barrier encountered affected his limited mobility.  For example, Plaintiff pleads that the facility's one accessible parking stall is insufficient to allow him to unload and transfer to his wheelchair; that several routes inside and outside the facility contain slopes and/or uneven surfaces, such that it is difficult for him to traverse with a wheelchair or cane; that surfaces located within the facility are too high and/or obstructed and therefore out of his reach of when seated in his wheelchair; that certain entrances and exits within the facility lack "maneuvering clearances" for his wheelchair and/or have "excessive changes in level"; that the facility's accessible seating spaces are not located on an accessible route of travel and lack clear floor space to approach the table from his wheelchair; and that the facility's restrooms lacks the proper configuration for his access by wheelchair. (*See* Doc. 28-4 ¶ 11.)  Taking these allegations as true, *see SAES Getters S.p.A.*, 219 F. Supp. 2d at 1088, the Court finds that the proposed amendment is not futile. *Cf. Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid

and sufficient claim or defense.").

C. **Prejudice**

This is Plaintiff's first request to amend the complaint.[3] The only "prejudice" asserted by Defendants realleges the same criticism of the proposed amended complaint rejected above: that they will be "required to conduct discovery on all of Plaintiff's contentions[,] even when it turns out the alleged barrier does not affect Plaintiff's disability (at all)." (Doc. 29 at 5.) To the extent Defendants attack the merits of Plaintiff's allegations, such criticism is not properly before the Court on the current motion. *See Allen v. Bayshore Mall*, No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."); *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) ("[C]ourts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). The Court finds no prejudice to Defendants by allowing amendment of the complaint, and they have not rebutted the presumption in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052 (Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend.).

### V. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. The hearing set for January 25, 2023, is VACATED;
2. Plaintiff's motion for leave to file a first amended complaint (Doc. 28) is GRANTED;
3. Plaintiff shall file the first amended complaint, which is attached as Exhibit A to the Moore Declaration (Doc. 28-4), within five (5) days of the date of entry of this

---

[3] Plaintiff's motion indicates that he "amended his Complaint once as a matter of course on April 6, 2022," but this statement was apparently made in error. (*See* Doc. 28-1 at 1. *See also* Doc. 29 at 3 ("Plaintiff's moving papers indicate he amended his complaint once previously, as a matter of course. However, that appears to be a misstatement by Plaintiff; Defendants are not aware of prior amendments.").)

6

order; and

4. Defendants shall file a responsive pleading within fourteen (14) days of the date of service of Plaintiff's amended complaint.

IT IS SO ORDERED.

Dated:  **January 19, 2023**                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE